# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Emma Bush

**DEFENDANTS**
Life Insurance Company of North America

**(b)** County of Residence of First Listed Plaintiff    Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    New York County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael J. Burns, Esquire
Bowen & Burns, 530 Street Road, Southampton, Pennsylvania 18966
215-322-9030

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☑ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Pharmaceutical Slander Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability ☐ 368 Asbestos Personal ☐ 340 Marine Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability **PERSONAL PROPERTY** | | ☐ 840 Trademark ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle ☐ 370 Other Fraud | **LABOR** | Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | Protection Act |
| ☐ 195 Contract Product Liability | Product Liability ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 360 Other Personal Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | Injury ☐ 385 Property Damage ☐ 362 Personal Injury - Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation ☑ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations ☐ 530 General | | 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty Employment **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 1132 Title 29

Brief description of cause:    ERISA Claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☑ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
April 28, 2026

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Michael J. Burns*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Life Insurance Company of North America, 51 Madison Avenue, New York, New York 10010 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                              Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?             Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?                   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☑ 16. All Other Federal Question Cases. *(Please specify):* ERISA Claim for Long Term Disability Benefits

**B.  *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):*_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT PENNSYLVANIA**

|  |  |  |
|---|---|---|
| EMMA BUSH | : | |
| | : | |
| Plaintiff | : | |
| | : | No. _____ |
| v. | : | |
| | : | |
| LIFE INSURANCE | : | |
| COMPANY OF NORTH AMERICA | : | |
| | : | |
| Defendant | : | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Emma Bush, by and through her counsel, Bowen & Burns, herein files a

Complaint against Defendant, Life Insurance Company of North America t/a CIGNA, for

violation of ERISA and breaches of fiduciary duty under ERISA and in support thereof avers as

follows:

**Parties**

1.      Plaintiff, Emma Bush (also referred to as "Plaintiff" or "Ms. Bush" hereinafter) is

an adult individual who resides at 5484 Clymer Road, Quakertown, Pennsylvania 18951 and is a

resident of the Commonwealth of Pennsylvania.

2.      Defendant, Life Insurance Company of North America t/a CIGNA (collectively

referred to as "Defendant" or "CIGNA" hereinafter), is upon information and belief, a

Pennsylvania corporation, which insurance company was purchased by and is now owned by its

parent corporation, New York Life Insurance Company, which entity also operates and utilizes

its affiliate New York Life Group Benefit Solutions for contract administration, all of whom have

a principle place of business at 51 Madison Avenue, New York, New York 10010.  CIGNA is an

insurance company licensed to and which regularly conducts business in the Commonwealth of Pennsylvania.

3.    At all times pertinent hereto, CIGNA acted by and through its agents, servants, and employees and/or its authorized parents, indemnitees, insurers, reinsurers, affiliates, contractors, vendors, and other third parties, including but not limited to its claim administrator New York Life Group Benefit Solutions, whose agents, servants, and/or employees administered and handled Ms. Bush's disability insurance policy and disability claim, and any and all unknown person(s) or entities involved in any aspect of administering and handling Ms. Bush's disability insurance policy and disability claim, all of whom CIGNA has responsibility for their acts, omissions, and failures in administering and handling Ms. Bush's disability insurance policy and disability claim.

### Jurisdiction and Venue

4.    This Court has jurisdiction under and pursuant to ERISA and, specifically, § 1132(e) and (f), inasmuch as this action involves claims for benefits under and pursuant to an employee welfare benefit plan.

5.    Venue is properly situated in this Court under and pursuant to 28 U.S.C. § 1391(c) inasmuch as, at all times material hereto, Plaintiff resided in the territory encompassed by this Court and Defendant is registered to and does regularly conduct business within the Commonwealth of Pennsylvania and this jurisdiction.

### Ms. Bush's Disability Insurance Policy with CIGNA

6.    At all times pertinent, Ms. Bush was entitled to coverage and was insured through a group long term disability insurance policy issued by CIGNA to Ms. Bush's employer, which policy has the following disability standard:

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is

> 1. Unable to perform the material duties of his or her Regular Occupation; and
> 2. Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

> 1. Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. Unable to earn 60% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability."

### Background Facts

7. On November 30, 2018, Ms. Bush was involved in a high rate of speed, rear-end motor vehicle accident, which caused her to suffer serious physical injuries, including seizures, post-concussive injuries, and chronic neck, back, and right shoulder pain, some of which injuries required surgery and, also, affected her cognitive function.

8. As a result of these serious injuries, Ms. Bush had to stop working as a Memory Care Coordinator at Frederick Living, her employer, which entity operates retirement homes and communities and which entity contracted with CIGNA to provide disability benefits for its eligible employees.

9. Ms. Bush was approved for and received full short term disability benefits under the policy's "own occupation" disability standard.

10. When her claim transitioned to long term disability utilizing an "any occupation" standard, CIGNA promptly moved to and then erroneously denied and terminated her long term disability claim on May 20, 2021, solely on the basis of a medical record only peer review by Jon Glass, M.D., suggesting Ms. Bush had the ability to perform "sedentary work."

11.    In work capacity assessment dated November 29, 2021, Ms. Bush's family practitioner, Sharon Gomez, CRNP, opined that Plaintiff did not retain "the capacity to perform any work for 8 hours per day, 40 hours per week for 50 weeks," given Ms. Bush's continuing physical and cognitive issues.

12.    By letter dated November 16, 2022, Plaintiff filed an appeal on the basis that she still did not have the ability to perform the material duties of "any occupation" as her multiple ailments were ongoing and progressing, and had not resolved.

13.    Indeed, during the pendency of her disability claims with CIGNA, Ms. Bush was awarded and continues to receive Social Security disability benefits on the finding that she was unable to perform and gainful employment.

14.    Further, which was brought to CIGNA's attention, due to her ongoing, progressing back condition, Ms. Bush underwent back surgery at Penn on July 28, 2023.

15.    Despite Ms. Bush's continued disability and just a few months after her significant back surgery, CIGNA denied her appeal in a letter dated October 23, 2023 proffering only occupations that she allegedly had the physical ability to perform, but again no medical provider had actually examined Ms. Bush and no vocational person had communicated in any way with Ms. Bush.

16.    On November 22, 2023, Plaintiff submitted a second letter rebutting the continued denial of her disability benefit claim, which included an in-person Independent Medical Examination conducted by David H. Sirken, D.O., a neurologist.

17.    In his Independent Medical Examination Report dated November 9, 2023, Dr. Sirken concluded that Plaintiff remained "disabled from performing the material duties of her job

as her own occupation as a Memory Care Coordinator or any occupation on a steady and full-time basis."

18.     Ms. Bush herself provided an oral statement that outlined and explained how her ongoing medical issues caused her both physical and cognitive limitations such that she did not have the stamina, or ability to perform any work on a regular, sustained, daily, or full-time basis – not even sedentary work.

19.     CIGNA, ignoring Ms. Bush's oral statement, eventually confirmed its denial by letter dated April 30, 2024, which decision again was based solely on two medical examinations by a neuropsychologist, Dr. Farzin Irani, and a neurologist, Dr. Ilya Bragin, both of which had been conducted over a year prior.

20.     To date, Ms. Bush remains disabled from performing "any occupation" and is unable to return to any work due to her ongoing and continuing physical and cognitive conditions.

### COUNT I - DEFENDANTS' VIOLATION OF ERISA AND WRONGFUL TERMINATION OF DISABILITY BENEFITS UNDER 29 USC SECTION 1132(a)(1)(B)

21.     The allegations contained in paragraphs 1 through 20 above are incorporated herein by reference as though fully set forth at length herein.

22.     Ms. Bush is and remains disabled from performing the duties of her own occupation and any occupation and at all times material hereto provided medical and other evidence to establish her disability under the Policy and, as a result, she is entitled to continuing long term disability benefits under the Policy.

23. Under any ERISA standard of review, CIGNA's review and decision to terminate Ms. Bush's disability benefits was wrong and/or arbitrary and capricious, in violation of ERISA, and in violation of and contrary to standards and provisions of its Policy.

24. CIGNA's review and decision to terminate Ms. Bush's disability benefits was arbitrary and capricious inasmuch as it was not reasonable and was not supported by the evidence of record.

25. CIGNA is not entitled to any deference with respect to its review and decision to terminate Ms. Bush's disability benefits inasmuch as the review and decision were tainted by CIGNA's self-dealing, bias, and numerous procedural irregularities and errors, and in particular the failure to conduct an in-person exam or interact with Ms. Bush along with the use of tainted medical providers.

26. The decision to terminate Ms. Bush's disability benefits resulted in monetary savings to both CIGNA, and, thus, was tainted by a conflict of interest.

27. CIGNA's decision to terminate Ms. Bush's disability benefits was wrong and in error as a matter of fact and law.

28. CIGNA failed to give Ms. Bush's claim a "full and fair review" as required under ERISA.

29. As a direct result of CIGNA's violations of ERISA and the wrongful termination of benefits, Ms. Bush has been denied payment of long term disability benefits, which payments plus interest she is entitled to recover and seeks herein.

30. As a direct result of CIGNA's violations of ERISA and wrongful termination of benefits, Ms. Bush had wrongfully been deprived of ancillary benefits, including but not limited

to pension, life, health, dental, and other benefits provided for and based upon her employment at Frederick Living, which she is entitled to recover and seeks herein.

31.     As a direct result of CIGNA's violations of ERISA and wrongful termination of benefits, Ms. Bush has been caused to retain counsel and incur attorneys' fees and incur other costs and expenses which she is entitled to recover and seeks recovery of these attorneys' fees, costs and expenses herein.

32.     As a result of Defendant's intentional and willful scheme concocted to terminate Ms. Bush's disability benefits and save CIGNA and its purchaser, New York Life's earnings and the overall outrageous and egregious handling of Ms. Bush's disability claim and, thus, the accompanying, legitimate concern that CIGNA will seek retribution and move to deny Ms. Bush's disability claim if she is reinstated under the Policy, Ms. Bush is entitled to and seeks herein payment of full and complete long term disability benefits available to her under the Policy.

**WHEREFORE,** Plaintiff, Emma Bush herein requests that judgment be entered in her favor and against Defendant, that this Court award her the full and complete payment of her long term disability benefits from the date of the termination of until she reaches age 65, together with reinstatement of her ancillary benefits under the Policy (pension, health, dental, life, etc.), reasonable attorneys' fees, costs, and expenses as permitted under ERISA, interest, and any other relief that this Court deems appropriate.

## COUNT II – DEFENDANT'S BREACHES OF FIDUCIARY DUTY
### UNDER 29 USC SECTION 1132(a)(3)

33.     The allegations contained in paragraphs 1 through 32 above are incorporated herein by reference as though fully set forth at length herein.

34.     Defendant owes a fiduciary duty under ERISA and the Policy to Ms. Bush.

35.     Defendant has breached its fiduciary duties as follows:

A.     Engaging in extensive and numerous invalid, improper, and illegal claim procedures and practices and intentional acts and omissions designed to deny Ms. Bush's valid and proper receipt of long term disability benefits;

B.     Targeting claims involving self-reported complaints of pain such as reported and experienced by Ms. Bush for denial, in general, and by utilizing a medical service and physicians who improperly, incorrectly, and illegally impart an "objective medical evidence" standard into the policy;

C.     Engaging in claim practices that completely avoid and ignore treating physicians and ignore subjective complaints of pain;

D.     Designing and implementing a claim review procedure, practice, and, thus, system that does not provide a full and fair review in general and clearly did not give Ms. Bush's claim a full and fair review;

E.     Utilizing "hired gun" medical services and physicians that are paid by CIGNA/New York Life to prepare reports supporting a claim termination on appeal, and then the complete failure to document that coordination, connection, and payment in the claim file as well as the complete failure to evaluate the credentials and qualifications of the medical provider; and,

F.     By engaging in and employing other claims handling procedures and practices that require and result in the denial and termination of valid, legitimate disability benefit claims, in general, and in Ms. Bush's case.

36.    CIGNA has and retains a fiduciary duty and obligation to oversee and monitor the conduct and actions in handling the Policy and disability claims filed thereunder and CIGNA breached its duty with respect to Ms. Bush's claim.

37.    As a direct result of Defendant's breaches of fiduciary duty, Ms. Bush has sustained damages under ERISA and is entitled to receive long term disability benefits and, further, Ms. Bush seeks injunctive relief in the form of an order that would prevent CIGNA and New York Life from denying her disability benefits through age 65 and that enjoins CIGNA and New York Life from engaging in the claims practices and procedures outlined above (and as discovered) and requires CIGNA and New York Life to take corrective action as to its past such acts and omissions and to avoid such claims practices and procedures in the future.

**WHEREFORE,** Plaintiff, Emma Bush, herein requests that judgment be entered in her favor and against Defendant, that this Court enjoin Defendant from engaging in the claim practices and procedures outlined above (and to be discovered) and requiring corrective action as to such past acts and to avoid such claims practices and procedures in the future, that this Court enjoin Defendant from terminating Ms. Bush's disability benefits until age 65 (award her the full and complete payment of her long term disability benefits from the date of the termination through and until she reaches age 65), together with reinstatement of her ancillary benefits under the Policy (pension, health, dental, life, etc.), reasonable attorneys' fees, costs, and expenses as permitted under ERISA, interest, and any other relief that this Court deems appropriate.

Respectfully submitted,

**BOWEN & BURNS**

**Dated:**   April 28, 2026          **BY:**   */s/ Michael J. Burns*          
**Michael J. Burns, Esquire**
**PA Atty. I.D. # 62088**
**530 Street Road**
**Southampton, Pennsylvania 18966**
**(215)322-9030 – (215)322-9308 (fax)**
**mjburns@bowenburnslaw.com**

**Attorney for Plaintiff,**
**Emma Bush**